Michele R. Stafford, Esq. (SBN 172509)
Matthew P. Minser, Esq. (SBN 296344)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Parkway, Suite 100
Alameda, CA 94502
Telephone: (510) 906-4710
Email: mstafford@sjlawcorp.com
Email: mminser@sjlawcorp.com

Attorneys for Plaintiffs, District Council 16
Northern California Health and Welfare Trust Fund, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND; and its JOINT BOARD OF TRUSTEES; ROBERT WILLIAMS and JOHN MAGGIORE, Trustees; <br><br> BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, and its JOINT BOARD OF TRUSTEES; ROBERT WILLIAMS and JEANNIE SIMPELO, Trustees; <br><br> DISTRICT COUNCIL 16 NORTHERN CALIFORNIA JOURNEYMAN AND APPRENTICE TRAINING TRUST FUND, and its JOINT BOARD OF TRUSTEES; ROBERT WILLIAMS and JEANNIE SIMPELO, Trustees; <br><br> Plaintiffs, <br><br> v. <br><br> GEORGE K C ROSS individually and dba PAINT BY KC, <br><br> Defendant | Case No. <br><br> **COMPLAINT** |

//

1

**COMPLAINT**
Case No.

Parties

1. The District Council 16 Northern California Health and Welfare Trust Fund ("Health Fund"); Bay Area Painters and Tapers Pension Trust Fund, including the Bay Area Painters and Tapers Pension Trust Fund Annuity Plan (together "Pension Funds"); and District Council 16 Northern California Journeyman and Apprentice Training Trust Fund ("Apprentice Fund") are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). The Joint Board of Trustees ("Trustees") of said Funds are the named fiduciaries of the Funds under ERISA § 302(a), 29 U.S.C. § 1002(a). Robert Williams and John Maggiore are Trustees, and fiduciaries, of the Health Fund. Robert Williams and Jeannie Simpelo are Trustees, and fiduciaries, of the Pension Fund and Apprentice Fund. The Health Fund, Pension Funds, Apprentice Fund, and their respective Trustees and fiduciaries are collectively referred to herein as "ERISA Plaintiffs" or "Plaintiffs."

2. GEORGE K C ROSS individually and dba PAINT BY KC ("Defendant"), is an employer by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

Jurisdiction

3. Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

4. Jurisdiction exists in this Court over all the claims by virtue of the Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and conditions of a valid Bargaining Agreement.

5. To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

//

//

Venue

6. Venue is conferred upon this Court by § 502, 29 U.S.C. § 1132. Where an action is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at their principal place of business in Dublin, California. Thus, jurisdiction and venue are properly grounded with this Court.

7. Venue exists in this Court with respect to the claims under LMRA § 301, 29 U.S.C. § 185, as this Court has jurisdiction over the parties, as District Council No. 16 of the International Union of Painters and Allied Trades ("Union") maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

Intradistrict Assignment

8. The basis for assignment of this action to this Court's Oakland Division is that all of the events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda, where ERISA Plaintiffs' Funds and the Bargained Entities are administered, and where Defendant therefore failed to fulfill its statutory and contractual obligations to Plaintiffs.

Bargaining Agreement

9. Defendant entered into the Northern California Painters Master Agreement ("Bargaining Agreement") between the Union and the Northern California Painting and Finishing Contractors Association. The Bargaining Agreement requires employer contributions to Plaintiffs' ERISA Funds, to the Union for union dues, and to the other plans more fully described in the Bargaining Agreement. Plaintiffs are third party beneficiaries of the Bargaining Agreement.

10. Under the terms of the Bargaining Agreement, Plaintiffs' Trustees are authorized to collect monies due by Defendant to the following plans: the IUPAT Finishing Trades Institute, the IUPAT Labor-Management Cooperation Initiative, the Work Preservation Fund, the Industry Fund, the Skills, Safety, Supervisor & Survival Training Awards Recognition (STAR) Program, Inc., the Vacation/Holiday Fund, and the IUPAT Political Action Together-Political Committee (collectively

**COMPLAINT**
**Case No.**                                                                                                       P:\CLIENTS\PATCL\Paint by KC\Pleadings\Word Versions + Fillable PDFs\Complaint.docx

referred to herein as the "Bargained Entities"). Plaintiffs' Boards of Trustees have been authorized to collect and distribute monies due to the Bargained Entities as well as dues due to the Union under the Bargaining Agreement and Trust Agreements.

11. Under the Bargaining Agreement and the governing documents of ERISA Plaintiffs (the "Trust Agreements"), which are incorporated into the Bargaining Agreement and made binding on Defendant, Defendant is required to regularly pay to ERISA Plaintiffs, the Bargained Entities, and the Union, certain sums of money, the amounts of which are determined by the hours worked by Defendant's employees. Contributions are due on the fifteenth (15th) day of the month following the month hours were worked, and considered delinquent if not received by the last day of that month. Defendant is also required, pursuant to the Bargaining and Trust Agreements, to pay liquidated damages in the amount of ten percent (10%) for each delinquent contribution, but in the amount of twenty percent (20%) for each delinquent contribution which is the subject of litigation. Moreover, the Bargaining and Trust Agreements provide that interest accrues on delinquent contributions at the rates reasonably set by the Trustees from the day contributions become delinquent, which is the first (1st) day of the month following the month in which payment was due, until paid.

12. The Bargaining Agreement further requires Defendant to maintain time records or time cards, and to submit any and all relevant records to Plaintiffs for examination to determine whether Defendant is making full and prompt payment of all sums required to be paid by it to Plaintiffs. Should an audit of Defendant's records reveal Defendant has failed to provide full and prompt payment of all sums due, Defendant must reimburse Plaintiffs for the amounts due, including audit fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements.

Factual Allegations

13. Defendant has failed and refused to report and pay contributions for hours worked by Defendant's employees during the months of September, 2017 through September 2020. Liquidated damages and interest have been incurred and are owed to Plaintiffs for the unreported and unpaid contributions for these months.

14. Defendant has failed and refused to comply with an audit of its payroll records for the period from August 1, 2017 through the present.

4

15. Plaintiffs are also entitled to recover any and all contributions, and all liquidated damages and interest on delinquent contributions, found due on timecards, audit, or otherwise including estimated contributions for months Defendant failed to report to Plaintiffs, through the time of Judgment. Plaintiffs reserve the right to conduct an audit to determine whether there are any additional amounts due from Defendant.

**FIRST CAUSE OF ACTION**
**For Audit Compliance, Payment of Delinquent Contributions, Interest, Liquidated Damages, Attorneys' Fees and Costs Against Defendant**

16. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 15, above.

17. Defendant has a contractual duty to timely report and pay the required contributions to Plaintiffs and the Bargained Entities, and to timely pay dues to the Union, pursuant to the Bargaining Agreement and Trust Agreements. Defendant also has a contractual duty under the Bargaining Agreement, and Trust Agreements incorporated therein, to permit an audit of its records to determine whether it is making full and prompt payment of all sums required to be paid by it to Plaintiffs, and to pay Plaintiffs all amounts found due as a result of an audit, including audit fees.

18. In addition, Defendant has a statutory duty to timely make the required payments to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

19. By failing to make the required payments to Plaintiffs and comply with an audit, Defendant breached the Bargaining Agreement and is in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

20. Defendant's failure and refusal to pay the required contributions and to permit an audit of its records was at all times, and still is, willful. Defendant continues to breach the Bargaining Agreement, and incorporated Trust Agreements, by failing to permit the audit and pay all amounts owed as alleged. Said refusal is unjustified and done with knowledge and intent.

21. ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendant is ordered specifically to perform all obligations required on Defendant's part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining and Trust Agreements, and is restrained from continuing to refuse to perform as required thereunder.

22. This Court is authorized to issue injunctive relief based on the traditional standard. As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is the possibility that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries. The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

23. This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendant. ERISA Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendant as provided by ERISA Plaintiffs' Plan Documents, Trust Agreements, and the law.

## Prayer

WHEREFORE, Plaintiffs pray as follows:

1. For a judgment against Defendant as follows:

    (a) Any unpaid contributions, due at time of Judgment, including those specified above as well as any other contributions determined as due by audit, timecards, or otherwise, including estimated contributions for any months Defendant fails to report to Plaintiffs, pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

    i. To ERISA Plaintiffs and the Bargained Entities, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreement;

    ii. To the Union in accordance with the Bargaining Agreement.

    (b) Liquidated damages on all unpaid contributions in an amount provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

    (c) Interest on all unpaid contributions at the rates set in accordance with the Bargaining Agreement, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132 (g)(2)(B).

2. Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreement for all Bargained Entities; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

//

3. For an order,

    (a) requiring that Defendant comply with their obligations to Plaintiffs under the terms of the Bargaining Agreement and the Trust Agreements, including permitting an audit of its records as requested by Plaintiffs;

    (b) enjoining Defendant from violating the terms of those documents and of ERISA; and;

    (c) enjoining Defendant from disposing of any assets until said terms have been complied with, and from continuation or operating of Defendant's business until said terms have been complied with.

4. That the Court retain jurisdiction of this case pending compliance with its orders.

5. For such other and further relief as the Court may deem just and proper.

DATED: November 2, 2020                              SALTZMAN & JOHNSON LAW CORPORATION

By:     /S/
Michele R. Stafford
Attorneys for Plaintiffs, District Council 16 Northern California Health and Welfare Trust Fund, et al.